IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS FERA, JR.,

Plaintiff,

v.

BALDWIN BOROUGH, a municipality, JOHN CONLEY, member of Council, DAVID DEPRETIS, member of Council, MICHAEL DUCKER, member of Council, MICHAEL E. FETSKO, JR., member of Council, JOHN FERRIS, JR., member of Council, FRANCIS SCOTT, member of Council, CHRISTOPHER T. KELLY, an individual and in his official capacity of Chief of Police of BALDWIN POLICE DEPARTMENT,

Defendants.

07cv0023
**Electronically Filed**

**MEMORANDUM AND ORDER**

In light of plaintiff's Amended Complaint (doc. no. 15) filed on February 20, 2007, defendants' initial motions to dismiss (doc. nos. 4 and 8) were denied on February 21, 2007, without prejudice.

Subsequently, Baldwin Borough and the Baldwin Borough councilmen named as defendants filed two identical motions to dismiss plaintiff's Pennsylvania common law defamation and conspiracy claims, his federal civil rights claim under 42 U.S.C. § 1983, and his request for attorneys fees under 42 U.S.C. § 1988, (docs. no. 23 and 25),[1] accompanied by identical briefs. (docs. no. 24 and 26). Counsel failed, however, to electronically sign these

---

[1] Defendant Christopher T. Kelley, Chief of Police for Baldwin Borough, has filed an answer and affirmative defenses to the Amended Complaint. (doc. no. 27).

motions and briefs, necessitating "Erratas" to the two motions and to the two briefs in support of the motions, (docs. no. 28, 29, 30, 31), which "Erratas" attached signed motions and briefs appearing, from the docket, to be replacements for the motions and briefs previously filed, only with signatures. The ECF docket still lists documents 23 and 25 as the pending motions to dismiss, as it apparently does not pick up "Errata" motions as separate motions.

As plaintiff correctly points out in his "Motion to Strike Documents 23 through 26" (doc. no. 35), the motions and briefs defendants filed as "Errata" at documents no. 28 through no. 31 are not identical to the unsigned documents no. 23 through no. 26, and the motions to dismiss do not request the same relief. To the contrary, the "new" motions to dismiss now request dismissal of *only* the defamation claim, not the conspiracy or the civil rights claims, or request for attorneys fees under section 1988.[2]

The Court will grant plaintiff's motion to strike the unsigned motions at document nos. 23 and 25, will deem the "Errata" motions at document nos. 28 and 30 to be the pending motions, and, after careful consideration of these motions and plaintiff's response thereto, will deny the pending motions to dismiss, except as to Baldwin Borough which, plaintiff agrees, is not liable for defamation.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving

---

[2] The viability of plaintiff's civil rights/ section 1983 claim remains for future determination on motions for summary judgment.

party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of his defamation claim. Ordinarily, Pennsylvania public officials are immune from liability for defamation under the Pennsylvania Political Subdivision Tort Claims Act, see 42 Pa.Cons.Stat. Ann. §§ 8542, 8546, but individual officials may be liable if their alleged defamatory statements amounted to willful misconduct, which includes gross negligence, and intentional or reckless misconduct. See, e.g., *Ferrone v. Onorato*, 439 F.Supp.2d 442, 453 (W.D.Pa. 2006). Accordingly, defendants' motions to dismiss will be denied.

**AND NOW, this 3rd day of April, 2007,** after due consideration of defendants' motions to dismiss plaintiff's defamation claims set forth in his Amended Complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motions to dismiss (at docs. nos. 28 and 30) **ARE DENIED** without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Strike Documents 23 through 26" (doc. no. 35) is **GRANTED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF registered counsel