IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS FERA, JR.,

        Plaintiff,                     07cv0023

                                         **Electronically Filed**

   v.

BALDWIN BOROUGH, a municipality, JOHN
CONLEY, member of Council, DAVID
DEPRETIS, member of Council, MICHAEL
DUCKER, member of Council, MICHAEL E.
FETSKO, JR., member of Council, JOHN
FERRIS, JR., member of Council, FRANCIS
SCOTT, member of Council, CHRISTOPHER
T. KELLY, an individual and in his official
capacity of Chief of Police of BALDWIN
POLICE DEPARTMENT,

        Defendants.

**MEMORANDUM ORDER OF COURT GRANTING MOTION TO ALTER
OR AMEND JUDGMENT AND MODIFYING JUDGMENT ORDER**

On September 20, 2007, this Court entered an Order (doc. no. 75) granting summary

judgment in favor of all Defendants and against Plaintiff on all claims, with prejudice, for the

reasons set forth in this Court's Memorandum Opinion of that same date (doc. no. 74).  Now

before the Court is Plaintiff's Motion to Alter Judgment or Amend Judgment (doc. no. 76),

which was filed within ten days of judgment, presumably pursuant to Fed.R.Civ.P. 59.  After

careful consideration of said motion and Defendants' responses thereto, the Court will deny the

motion for the most part, as to all federal claims, but will grant it in part as to the state common

law defamation claim.

Rule 59(a) provides, in relevant part:

New Trials; Amendment of Judgments

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

" 'Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided.' *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)." *Williams v. City of Pittsburgh,* 32 F.Supp. 2d 236, 238 (W.D.Pa. 1998). *See also Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 2001 WL 41131, *2 (E.D.Pa. 2001) (same). A motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Dodge v. Susquehanna  Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992). *See also Williams,* 32 F.Supp. 2d 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a

2

decision it has already made, rightly or wrongly. *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993)").

Plaintiff's motion to alter or amend judgment as to the federal civil rights/section 1983 claims simply rehashes the arguments he previously made in opposition to summary judgment in an attempt to convince this Court that it erred in holding that Plaintiff was unable to support his civil rights/section 1983 claims with any record evidence sufficient to create a genuine issue of material fact for the jury.  Accordingly, the motion to alter or amend judgment will be denied as to these claims.

As to the state common law defamation claim, this Court stated:

> [M]ore often than not, when this Court dismisses all federal claims at the summary judgment stage, and there are only state claims remaining, it declines to exercise its discretion to entertain those claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367, and remands the remaining claims to the appropriate state court for further proceedings.  However, it is within the Court's discretion to retain jurisdiction of the remaining state claims pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367(c) (the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . ."), which does not automatically dissolve when the federal claims are dismissed.  In making its determination, the district court should take into account generally accepted principles of "judicial economy, convenience, and fairness to the litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

> Since Plaintiff has not offered one iota of evidence to prove that any of these Defendants had anything to do with the private citizen's letter writing campaign against Plaintiff, since plaintiff has had full an fair opportunity for discovery, and since substantial judicial and legal resources have been expended already, the Court will exercise its discretion to resolve the common law claim, and will dismiss it with prejudice for failure to support this claim.

Memorandum Opinion of September 20, 2007 (doc. no. 74), at 11-12.

Plaintiff argues, in the alternative, that if this Court reaffirms its ruling on the federal

claims, that it reconsider as to the common law defamation claim and remand said claim to the state court.  Defendants do not specifically respond to this "in the alternative" argument.  In retrospect, the Court agrees with Plaintiff and deems it a more appropriate exercise of discretion to follow its usual practice and decline to exercise its discretion to entertain the common law defamation claim pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367.  The Court will, therefore, grant reconsideration as to the state common law defamation claim only, and will remand said claim to the Court of Common Pleas of Allegheny County, where it was filed in the first place, for further proceedings.

## ORDER

For the reasons set forth above, therefore, Plaintiff's Motion to Alter Judgment or Amend Judgment (doc. no. 76) is **DENIED** in part as to his federal civil rights/ section 1983 claims, and is **GRANTED** in part as to his common law defamation claim.

The Clerk of Court is directed to remand the record to the Court of Common Pleas of Allegheny County, and thereafter mark this case closed.


**DATED: October 18, 2007**

                                   s/ Arthur J. Schwab
                                   Arthur J. Schwab
                                   United States District Judge


cc:     All ECF registered counsel